IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IVAN JOHNSON,

                              Plaintiff,

     v.

NANCY GARCIA,

                              Defendant.

ORDER

17-cv-332-jdp

---

Pro se plaintiff Ivan Johnson, an inmate at Columbia Correctional Institution (CCI), asks me to reconsider my order denying his motion to compel body-camera footage and other written discovery. Dkt. 64. Regarding the footage, I denied Johnson's motion as moot because defendant Nancy Garcia, a CCI nurse, said that she had located the footage that Johnson had requested and that he would be able to view it soon. Dkt. 61. Now, Johnson says that he has viewed the footage but that Garcia has "altered the video and deleted the sound," and he asks to compel the unedited footage, including audio. Dkt. 64, at 1. It is unclear from his motion whether Johnson accuses Garcia of altering the video in any other way than deleting the sound. In any event, I will give Garcia a short time to respond to Johnson's allegations before I rule on Johnson's motion regarding the body-camera footage. But I will deny his motion regarding his written discovery requests because he raises no new arguments regarding those requests.

Johnson raises several other issues in his motion. He asks why the parties' pretrial submissions are due on July 24, 2020, even though his trial date has been struck. He says that he cannot meet this deadline because he has not yet received the body-camera footage that he has requested. I left the pretrial submission deadlines in place to ensure that this case would be ready to proceed to trial as soon as a trial date is set. But there will be room in the schedule

for at least a slight change to these deadlines. So I will strike the pretrial submission deadlines. At the July 24, 2020 scheduling conference, Magistrate Judge Stephen Crocker will set new pretrial submission deadlines along with a new trial date.

Johnson says that he needs more time to obtain and disclose another expert witness in addition to the experts that he has already disclosed. But the expert witness disclosure deadlines were set well in advance in the amended scheduling order, and the parties were cautioned in that order that there would be no extensions of this deadline. Dkt. 43, at 3–4. Johnson says that he needs an extension because he is still awaiting an order on his motion to compel. But the disclosure deadline was set before the discovery cutoff in the amended scheduling order because parties can disclose their experts before discovery is completed. And Johnson doesn't explain why the footage would change who he would choose as an expert witness. So I will deny Johnson's request for an extension.

Johnson asks to file an interlocutory appeal regarding his motion to compel, and he asks me to strike all deadlines during this appeal. But "discovery orders, being interlocutory, generally are not appealable in the federal court system." *Am. Bank v. City of Menasha*, 627 F.3d 261, 264 (7th Cir. 2010). This is because they are subject to deferential review of the district court's discretion and would virtually always be affirmed by the court of appeals. *Reise v. Bd. of Regents of Univ. of Wis. Sys.*, 957 F.2d 293, 295 (7th Cir. 1992). My denial of Johnson's motion to compel is not one of the rare types of orders that would justify an exception to this rule. *See Am. Bank*, 627 F.3d at 264. So I will deny this request.

As an alternative to his request to file an interlocutory appeal, Johnson asks me to substitute another judge in this case. He says that I have treated him unfairly as a pro se litigant in his discovery disputes with Garcia by expecting him to comply with the Federal Rules of

Civil Procedure. But pro se parties must still comply with procedural rules. *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001). I am sympathetic to Johnson's position as a pro se litigant, but the Rules ensure that both sides receive a fair trial, so I expect Johnson to do his best to comply with them. He also says that I showed bias when I denied his motion to compel because I should not have taken Garcia at her word when she said that she would turn over the body-camera footage by June 30, 2020. But I do not grant motions to compel just because one party thinks that the other party may not provide requested discovery, and Johnson's allegations regarding Garcia's supposed alteration of the body-camera footage and removal of the audio were unclear from his prior filings. Johnson hasn't identified any grounds that would justify my recusal, so I will deny his request.

## ORDER

IT IS ORDERED that:

1. Defendant Nancy Garcia is directed to respond to plaintiff Ivan Johnson's motion for reconsideration, Dkt. 64, by July 30, 2020. Specifically, Garcia is directed to respond to Johnson's allegations that the body-camera footage she has provided through discovery has been altered and that the sound has been deleted.

2. The pretrial submission deadlines are STRUCK. Magistrate Judge Stephen Crocker will set new pretrial submission deadlines at the July 24, 2020 scheduling conference.

3. The remainder of Johnson's motion, Dkt. 64, is DENIED.

Entered July 16, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge