IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IVAN JOHNSON,

                      Plaintiff,

    v.                                                OPINION and ORDER

NANCY GARCIA,                                      17-cv-332-jdp

                      Defendant.

---

Pro se plaintiff Ivan Johnson is proceeding to trial on his claim against defendant Nancy Garcia, a nurse practitioner at Waupun Correctional Institution (WCI), under the Eighth Amendment to the United States Constitution. Johnson says that Garcia violated his rights by withholding medication that had been prescribed to treat his muscle spasms following stomach surgery. Johnson has once again moved to compel Garcia to produce body-camera video footage of his encounter with Garcia that forms the basis for this lawsuit. Dkt. 76. Garcia has already made the video available for Johnson to view, but Johnson says that Garcia should give him a physical copy of the video, primarily so he can have it analyzed by an expert. I won't order Garcia to give Johnson a physical copy of the footage, but if Johnson discloses an expert within a short time to analyze the footage, Garcia must give a copy to the expert. Garcia must also give a copy of the video to the court before trial to ensure that Johnson will be able to present the video during trial if he wishes to do so.

Johnson also says that Garcia has failed to give him the names of the officers who took him to the hospital when he received his prescription. But he hasn't provided the type of supporting documentation that I would need to order Garcia to give him these names, so I will deny that portion of his motion.

ANALYSIS

**A. Video footage**

Johnson concedes that he was allowed to view "a satisfactory copy of [the] video" on July 30, 2020. Dkt. 76, at 1. But he says that Garcia must give him his own copy of the video for two reasons. First, Johnson wishes to have the video analyzed by an expert because he believes it has been doctored. He concedes that he did not name any such expert in his Rule 26(a)(2) disclosures, and he concedes that the deadline to disclose such an expert has passed.[1] But as Johnson observes, he wasn't able to view the video with audio until July 30, 2020, well past the deadline to disclose expert witnesses, so he wouldn't have had any reason to suspect that the video had been doctored until then. And Johnson explains that he previously requested an extension to his disclosure deadline for this reason, although I denied his request at that time because he hadn't explained how the footage would affect his choice of experts, Dkt. 65, at 2.

The trial in this case is just over a month away, and Johnson stresses that he doesn't wish to postpone the trial, nor would I do so even if he asked. This doesn't leave much time for Johnson to find an expert to analyze the video, so I will give Johnson a short time to do so. If Johnson identifies his expert by the deadline stated below, Garcia must promptly provide a copy of the video to Johnson's expert, although she will have the opportunity to challenge Johnson's expert.

---

[1] Johnson's expert-witness disclosures are the subject of a separate challenge by Garcia, who says that they should be struck as untimely. Dkt. 74. That motion is still being briefed by the parties.

Second, Johnson says that he needs to have his own copy to present at trial because he doesn't know what version of the video Garcia will make available for him. Garcia responds that her attorney has a single copy of the video, which is the copy that her attorney will make available to Johnson at trial. Johnson says that he doesn't trust Garcia's attorney because the attorney initially denied that the video existed. But Garcia's attorney was relying on an inadvertent misstatement from WCI's litigation coordinator, as discussed in my rulings on one of Johnson's prior motions to compel Dkt. 61, at 1–2. Johnson also says that he distrusts Garcia's attorney because the first time WCI staff allowed him to view the video, it lacked sound. But as discussed in my ruling on another one of Johnson's earlier motions to compel, Garcia explained that the error was due to a technical problem with the prison's video equipment, and her counsel resolved the issue after learning about it. Dkt. 68. I have no reason to doubt the truth of any of the representations made by Garcia's attorney, so Johnson hasn't shown that he needs a physical copy of the video. But Garcia should send a copy of the video to the court to allow court staff to ensure that the video can be played during trial without any technical problems.

**B. Officers' names**

Johnson says that Garcia did not respond to his discovery request for the names of officers who took him to the hospital when he received the prescription at issue in this lawsuit. Garcia doesn't respond to this point, likely because it consists of a couple sentences tucked within Johnson's three-page, single-paragraph motion. But I do not need a response from Garcia to decide this point. As I explained to Johnson in denying his earlier motion to compel responses to his requests for written discovery, it is Johnson's responsibility to support a motion to compel with documents that show why I should grant the motion. Dkt. 61, at 2. As before,

Johnson hasn't submitted Garcia's discovery responses; he offers only his unsupported assertion that Garcia's response was inadequate. The burden is on Johnson to show that he is entitled to the relief he seeks, but he hasn't given me enough information to evaluate Garcia's response to his request. So I will deny this portion of his motion.

## C. Expenses

Johnson asks me to order Garcia to pay him $20,000. He doesn't explain why I should do so, but I infer that he believes that Garcia has engaged in conduct that warrants sanctions under Federal Rule of Civil Procedure 37. But Johnson has identified nothing in Garcia's conduct that warrants sanctions, so I will deny this portion of Johnson's motion as well.

## ORDER

IT IS ORDERED that:

1. Plaintiff Ivan Johnson's motion to compel, Dkt. 76, is GRANTED in part. Johnson may have until October 5, 2020, to disclose an expert to analyze the body-camera footage that Garcia has produced. If Johnson discloses an expert by this deadline, Garcia must provide the expert with a copy of the footage within three days of Johnson's disclosure. Garcia may have until October 14, 2020, to raise any objections to any expert that Johnson discloses.

2. Garcia must provide a copy of the footage to the court by September 30, 2020.

3. The remainder of Johnson's motion is DENIED.

Entered September 24, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge